IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| GREATER BALTIMORE CENTER FOR PREGNANCY CONCERNS, INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No. MJG-10-760 |
| MAYOR AND CITY COUNSEL OF BALTIMORE, ET AL. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Currently pending are Care Net, Heartbeat International, National Institute of Family and Life Advocates, and Vitae Foundation's Motion to Quash Subpoenas for Deposition and Documents (ECF No. 60) ("Motion"), Defendants' Memorandum of Law in Opposition to Motion by Third Parties to Quash Subpoenas for Depositions and Documents (ECF No. 61), and Care Net, Heartbeat International, National Institute of Family and Life Advocates, and Vitae Foundation's Reply in Support of Their Motion to Quash Subpoenas for Depositions and Document Production (ECF No. 64).

Judge Garbis held a hearing on the Motion on August 22, 2014, after which he referred the Motion to the undersigned for resolution. In his subsequent Memorandum and Order re: Discovery, Judge Garbis directed Care Net, Heartbeat International ("Heartbeat"), National Institute of Family and Life Advocates ("NIFLA"), Vitae Foundation ("Vitae") (hereinafter referred to collectively as "movants" or individually by name) and defendants to promptly

confer, seek to narrow the discovery disputes, and provide the undersigned with a joint statement, or separate statements, regarding the issues requiring resolution. (ECF No. 71.) Thereafter, the undersigned requested (ECF No. 73), and subsequently received, the Joint Statement of Defendants and Non-Party Movants Regarding Discovery Disputes Requiring Resolution ("Joint Statement"). (ECF No. 74.)[1] In addition to reviewing the pertinent pleadings and the Joint Statement, the undersigned has listened to the audio recording of Judge Garbis' Motion Hearing and reviewed the Fourth Circuit's *en banc* opinion in Greater Baltimore Center for Pregnancy Concerns, Inc., et al. v. Mayor and City Council of Baltimore, 721 F.3d 264 (4th Cir. 2013). On November 21, 2014, the undersigned conducted a two hour telephone hearing on the record with the parties and movants in an effort to further narrow, focus, and resolve the discovery disputes which remained broad in scope, despite the Joint Statement.

This case involves City of Baltimore Ordinance 09-252, which requires limited-service pregnancy centers to inform their clients and potential clients that they do not provide or make referrals for abortion or comprehensive birth-control services. Id. at 271. Following its enactment, plaintiffs challenged the Ordinance, asserting that it violates the First Amendment right to freedom of speech. The case is presently on remand from the Fourth Circuit to allow defendants to conduct "essential discovery" on key factual issues. Id. at 291. Defendants maintain that they now seek discovery from the movants to (1) ascertain the commercial nature of the entities regulated by the Ordinance, and (2) prove that the Ordinance promotes public health and prevents deceptive advertising practices.

Pursuant to the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ.

---

[1] The Joint Statement revealed that little progress had been made towards narrowing the disputes between defendants and movants. Although defendants did not agree to modify their requests significantly, movants did agree to produce certain documents which they had originally refused to produce.

P. 26(b)(1). So long as the information sought "appears reasonably calculated to lead to the discovery of admissible evidence," it "need not be admissible at . . . trial." Id. As this court has noted, however, the scope of discovery in any particular case is subject to limitation given the issues presented, facts to be discovered, and resources of the parties. Hopson v. Mayor and City Council of Baltimore, 232 F.R.D. 228, 238 (D. Md. 2005). Federal Rule 26(b)(2)(C), which gives the court discretion to limit discovery, "cautions that all permissible discovery must be measured against the yardstick of proportionality." Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 523 (D. Md. 2010).

Movants have offered to produce certain documents requested in the subpoenas ("Document Requests") insofar as they are "focused on the Plaintiff [Greater Baltimore Center for Pregnancy Concerns ("GBCPC")] and in Baltimore City." (ECF No. 74 at 4-5.) Although defendants have slightly narrowed the scope of some of their original Document Requests to relate to movants' transactions or affiliates in Baltimore City (ECF No. 74-1 at 6, 11, and 15), the bulk of defendants' Document Requests remain unchanged. As Judge Garbis has noted, the degree of discovery sought by defendants' Document Requests is "grossly excessive." (ECF No. 71.) Based upon a review of the entire record in this case, and for the reasons noted herein and on the record during the November 21, 2014 telephone hearing, the undersigned concludes that the scope of defendants' Document Requests which are at issue should be limited solely to information pertaining to plaintiff GBCPC, movants' Baltimore affiliates, or movants' Baltimore members. To the extent that defendants' Document Requests go beyond these geographic limitations (and, indeed, have a nationwide reach), those requests are overly broad, unduly burdensome, and seek discovery well beyond that contemplated by Federal Rule of Civil

Procedure 26. With that limitation in mind, the undersigned will address the specific Documents Requests that are the subject of the Motion below.

1.  Request No. 2 in the Care Net and Heartbeat subpoenas (ECF No. 74-1 at 5, 10), Request No. 5 in the NIFLA subpoena (Id. at 15), and Request No. 6 in the Vitae subpoena (Id. at 21) are limited to all documents and communications concerning the Ordinance as they pertain to plaintiff GBCPC, movants' Baltimore affiliates, or movants' Baltimore members.

2.  Request No. 3 in the Care Net and Heartbeat subpoenas (Id. at 5, 10) and Request No. 6 in the NIFLA subpoena (Id. at 16) are limited to all operation manuals provided to plaintiff GBCPC, movants' Baltimore affiliates, or movants' Baltimore members.

3.  Request No. 4 in the Care Net and Heartbeat subpoenas (Id. at 5, 10), Request No. 7 in the NIFLA subpoena (Id. at 16), and Request No. 9 in the Vitae subpoena (Id. at 22) are limited to all forms movants asked plaintiff GBCPC, movants' Baltimore affiliates, or movants' Baltimore members to complete, including, but not limited to, forms concerning the policies and standards by which they are required to abide.

4.  Request No. 5 in the Care Net and Heartbeat subpoenas (Id. at 5, 10) and Request No. 11 in the Vitae subpoena (Id. at 22) regarding the Option Line, YourOptions.com, and GravityTeen.com websites are limited to those documents relating to plaintiff GBCPC or movants' Baltimore affiliates.[2]

5.  Request No. 8 in the Care Net and Heartbeat subpoenas (Id. at 6, 11) and Request No. 7 in the Vitae subpoena (Id. at 21) are limited to all documents concerning the topic of whether any advertisement concerning plaintiff GBCPC or movants' Baltimore affiliates is vague, confusing, misleading, or deceptive, including, but not limited to, documents concerning

---

[2] During the hearing held by the undersigned, movants agreed to provide access to the previous and current content of these websites.

4

whether any individual has been confused, misled, or deceived about the services offered by plaintiff GBCPC or movants' Baltimore affiliates.

6. Requests Nos. 5, 8, and 10 in the Vitae subpoena (Id. at 21-22), and Request No. 9 in the NIFLA subpoena (Id. at 16) are limited to documents and communications that concern plaintiff GBCPC, movants' Baltimore affiliates, or movants' Baltimore members.

7. As discussed during the hearing held by the undersigned, movants are required to produce all annual reports that are publicly available, in response to Request No. 6 in the Care Net and Heartbeat subpoenas (Id. at 5, 10), Request No. 10 in the NIFLA subpoena (Id. at 16), and Request No. 12 in the Vitae subpoena (Id. at 22).

8. Request No. 7 in the Care Net and Heartbeat subpoenas (Id. at 5, 11), Request No. 11 in the NIFLA subpoena (Id. at 16), and Request No. 13 in the Vitae subpoena (Id. at 22) pertain to the movants' 990 forms filed during the period from 2011 to the present. Movants have already agreed to produce these documents. Accordingly, the Motion is denied as moot as to these Document Requests.

9. The remaining Document Requests were either originally limited to plaintiff GBCPC, movants' Baltimore affiliates, or movants' Baltimore members, or were revised by defendants to include this limitation when the Joint Statement was submitted. Specifically, Request No. 1 in the Care Net and Heartbeat subpoenas (Id. at 5, 10), Requests Nos. 1 and 8 in the NIFLA subpoena (Id. at 15-16), and Requests Nos. 1, 2, 3, and 4 in the Vitae subpoena (Id. at 21) were originally drafted to pertain specifically to plaintiff GBCPC or movants' advertising campaign in Baltimore. Request No. 9 in the Care Net and Heartbeat subpoena (Id. at 6, 11) and Requests Nos. 2, 3, and 4 in the NIFLA subpoena (Id. at 15) were revised by defendants to pertain specifically to movants' Baltimore affiliates or movants' Baltimore members. Movants

have agreed to respond to these Requests as originally drafted or as subsequently limited. Accordingly, the Motion is denied as moot as to these Document Requests.

Finally, if after review of the documents produced by movants, defendants continue to seek to depose a corporate representative of each movant, defendants may do so with the same limitations noted herein.

For the foregoing reasons, the Motion (ECF No. 60) is hereby GRANTED in part and DENIED in part. To the extent the Motion is denied, movants are directed to produce responsive documents to defendants, in a manner consistent with this Order, **within twenty-one (21) days** of its entry.

Date:   12/23/14                              /s/
                                              Beth P. Gesner
                                              United States Magistrate Judge