IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| GREATER BALTIMORE CENTER FOR PREGNANCY CONCERNS, INC., | * |
| Plaintiff, | * |
| v. | * Case No. MJG-10-760 |
| MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL. | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On December 23, 2014, the undersigned issued a Memorandum and Order ("Order") which granted in part and denied in part Care Net, Heartbeat International, National Institute of Family and Life Advocates, and Vitae Foundation's (the "non-parties") Motion to Quash Subpoenas for Deposition and Documents. (ECF No. 77.) Currently before the undersigned is defendants' and the non-parties' request for guidance concerning the scope of discovery contemplated by my Order, as applied to the subpoena for document requests served upon the non-parties by defendants. (ECF Nos. 85, 86, and 87.)[1]

On May 8, 2015, the undersigned conducted a one hour telephone hearing on the record with the parties and non-parties, and directed defendants and the non-parties to confer regarding the specific document requests at issue and submit a joint letter indicating the remaining areas of

---

[1] As the non-parties note (ECF No. 87 at 2), defendants did not timely appeal my Order, though the instant dispute directly relates to that December 23, 2014 ruling.

dispute.  (ECF No. 89.)  Defendants and the non-parties failed to follow my direction, and instead filed separate letters.  (ECF Nos. 91, 92, and 93.)

Similar to the previous dispute, defendants did not modify their document requests in any way, whereas the non-parties agreed to provide certain documents.  (See n.1, ECF No. 77.)  The present dispute involves defendants' attempts to obtain discovery regarding nationwide advertising and communications of the non-parties.  Based upon a review of the entire record in this case, and for the reasons noted in my prior Order, on the record during the May 8, 2015 telephone hearing, and by the non-parties (ECF Nos. 87, 91, and 93), I reiterate my December 23, 2014 ruling.  Specifically, "[t]o the extent that defendants' Document Requests . . . have a nationwide reach, those requests are overly broad, unduly burdensome, and seek discovery well beyond that contemplated by Federal Rule of Civil Procedure 26."  (ECF No. 77 at 3-4.)  Accordingly, defendants' request to expand the scope of my prior ruling is denied.  The non-parties are directed to produce all of the additional documents they have agreed to produce (ECF No. 91-2) **within 21 days of entry of this order**.[2]

In sum, for the foregoing reasons, defendants' requests for documents are denied, except as previously agreed upon by the non-parties.

Date:   6/16/15                              /s/
                                             Beth P. Gesner
                                             United States Magistrate Judge

---

[2] Although the non-parties offered to search for additional documents if the court orders defendants to pay substantial fees in advance, the undersigned does not address that option as I have concluded that the burden and expense of the discovery sought by defendants outweighs its likely benefits in accordance with Federal Rule of Civil Procedure 26(b)(2)(c)(iii).