```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

GREATER BALTIMORE CENTER          *
FOR PREGNANCY CONCERNS, INC.
                                  *
         Plaintiff
                                  *
     vs.                              CIVIL ACTION NO. MJG-10-760
                                  *
MAYOR AND CITY COUNCIL OF
BALTIMORE, et al.                 *

         Defendants               *

*        *        *       *       *        *        *       *        *
```

<u>MEMORANDUM AND ORDER RE: OBJECTIONS TO MEMORANDUM AND ORDER</u>
<u>ENTERED BY MAGISTRATE JUDGE</u>

The Court has before it Defendants' Objections to Memorandum and Order Entered by Magistrate Judge Gesner on June 16, 2015 [ECF No. 95] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

Defendants (collectively, "the City") seek to have the Court set aside certain parts of the Memorandum and Order entered by Magistrate Judge Gesner on June 16, 2015 ("the June 2015 Order") [ECF No. 94], on the grounds that the "order fails to direct the Nonparties to answer properly posed deposition questions and produce relevant documents, [and, therefore,] is clearly erroneous." [ECF No. 95] at 1.

In Response, the Non-Parties – Care Net, Heartbeat International, and National Institute of Family and Life Advocates – contend that:

> First, the City waived its right to file these objections because, as Judge Gesner observed, it is actually objecting to her December 23, 2014, order, which allowed discovery about locally focused activities but not beyond that to nationwide activities, and the City failed to timely object under Fed. R. Civ. P. 72(a); and
>
> Second, the order is not clearly erroneous or contrary to law under Rule 72, since these three remaining Non-Parties have already produced approximately 1000 pages and 10 hours of discovery in three depositions (the City also took a deposition and documents from the fourth Non-Party).

[ECF No. 98] at 1.

The City has not filed a Reply.

Rule 72(a) of the Federal Rules of Civil Procedure provides that:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

On December 23, 2014, Judge Gesner issued a Memorandum and Order ("the December 2014 Order") [ECF No. 77], stating that:

> Based upon a review of the entire record in this case, and for the reasons noted herein

2

> and on the record during the November 21, 2014 telephone hearing, the undersigned concludes that the scope of defendants' Document Requests which are at issue should be limited solely to information pertaining to plaintiff GBCPC, movants' Baltimore affiliates, or movants' Baltimore members. To the extent that defendants' Document Requests go beyond these geographic limitations (and, indeed, have a nationwide reach), those requests are overly broad, unduly burdensome, and seek discovery well beyond that contemplated by Federal Rule of Civil Procedure 26.

Id. at 3-4.  Judge Gesner directed the Non-Parties "to produce responsive documents to defendants, in a manner consistent with this Order, **within twenty-one (21) days**."  Id. at 6.

In the June 2015 Order, Judge Gesner addressed "defendants' and the non-parties' request for guidance concerning the scope of discovery contemplated by my [December 2014] Order, as applied to the subpoena for document requests served upon the non-parties by defendants."  [ECF No. 94] at 1.  Judge Gesner stated that "defendants did not timely appeal my [December 2014] Order, though the instant dispute directly relates to that December 23, 2014 ruling."  Id. at 1 n.1.  Judge Gesner concluded the June 2015 Order by stating "for the reasons noted in my prior Order, . . . I reiterate my December 23, 2014 ruling."  Id. at 2.

The Court agrees with Judge Gesner that the instant discovery dispute between the City and the Non-Parties relates

3

to the substance of the December 2014 Order, and, therefore, that the City's objections – filed on June 30, 2015, over six month after the entry of the December 2014 Order – are untimely.

Even if the City's Objections were deemed to be filed timely, the Court still would overrule the objections.  Rule 72(a) requires district judges to "set aside any part of [a magistrate judge's nondispositive pretrial] order that is clearly erroneous or is contrary to law."  "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'" Sky Angel U.S., LLC v. Discovery Commc'ns, LLC, 28 F. Supp. 3d 465, 479 (D. Md. 2014).

The parties appear to agree that the applicable standard of review is clear error.  Regardless of whether the City challenges the December 2014 and June 2015 Orders on the basis of factual findings or legal conclusions, the Court adopts Judge Gesner's Orders as its own.  In the Memorandum and Order Re: Discovery [ECF No. 71], issued nearly one year ago, the Court stated that "the Defendants seek a grossly excessive degree of discovery from the non-party movants" and that "the Defendants cannot persist in presenting implausible relevance contentions and cannot seek to impose excessive burdens on the Movants in an

4

attempt to obtain the requested discovery."  The Court referred the discovery dispute to Judge Gesner.

In the December 2014 Order, Judge Gesner agreed with the Court that the City's document requests were "grossly excessive" and limited the scope of the documents that the Non-Parties were required to produce.  See [ECF No. 77].  Judge Gesner stated that "if after review of the documents produced by movants, defendants continue to seek to depose a corporate representative of each movant, defendants may do so with the same limitations noted herein."  Id. at 6 (emphasis added).  In the June 2015 Order, Judge Gesner reiterated her December 2014 ruling.  See [ECF No. 94].

The discovery production that the City now seeks to have the Court impose on the Non-Parties has been addressed by Judge Genser twice in the past eight months.[1]  Having reviewed the record and the City and Non-Parties' recent submissions, the Court finds no reason to disagree – on a factual or legal basis, or otherwise – with Judge Gesner's conclusions.

---

[1] The City contends that Judge Gesner's "failure to direct the Nonparties to respond to [certain] deposition questions [was] clearly erroneous."  [ECF No. 95] at 5.  The June 2015 Order does not refer expressly to the request to reopen depositions, which were taken in February 2015, see [ECF No. 83] ¶ 6.  However, Judge Gesner indicated in the June 2015 Order that she had reviewed "the entire record" and reiterated her ruling from December 2014, based, in part, on the Non-Parties' submissions ECF Nos. 87, 91, and 93, all of which referenced the deposition dispute issue.

Accordingly:

1. Defendants' Objections to Memorandum and Order Entered by Magistrate Judge Gesner on June 16, 2015 [ECF No. 95] are DENIED.

2. The Memorandum and Order issued by Magistrate Judge Gesner on December 23, 2014 [ECF No. 77] is ADOPTED BY THE COURT AS ITS OWN.

3. The Memorandum and Order issued by Magistrate Judge Gesner on June 16, 2015 [ECF No. 94] is ADOPTED BY THE COURT AS ITS OWN.

4. Plaintiff shall arrange a telephone conference to be held by September 4, 2015 to discuss the summary judgment briefing schedule.

SO ORDERED, on Thursday, August 13, 2015.

                              _____/s/_____
                                Marvin J. Garbis
                           United States District Judge